UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| DANIEL JOHN RILEY,<br>    Plaintiff, | Civil Case No.: |
| vs. | **BIVENS ACTION** |
| MARK ALFORD, JAMES ALLANDYDY,<br>MICHAEL ALLEN, JOSEPH BUCHANAN,<br>PHILLIP CHRISTIANA, JEFFREY MERTES,<br>STEPHEN MONIER, JOHN DOE #1,<br>JOHN DOE #2, JOHN DOE #3, JOHN DOE #4,<br>JOHN DOE #5, JOHN DOE #6, JOHN DOE #7,<br>and JOHN DOE #8,<br>    Defendants. | **Plaintiff demands a trial by JURY** |

DANIEL JOHN RILEY, Plaintiff in the above-captioned action, alleges as follows:

**JURISDICTION**

1. This is a civil action brought pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331.  Venue is proper pursuant to 28 U.S.C. §§ 1391.

**PARTIES**

2. Plaintiff, DANIEL JOHN RILEY (hereinafter "Riley" or "Plaintiff"), was, at the relevant times alleged herein, a resident of the State of New York.  He is presently being held at the United States Penitentiary in Terre Haute, Indiana.

3. MARK ALFORD (hereinafter "Alford"), Defendant, sued in his individual capacity, was last known to Riley as an employee of the Federal Bureau of Investigation (hereinafter "FBI") working in New Hampshire at the times stated herein.  Plaintiff does not have this defendant's home address, but the main office for the FBI is listed as the J. Edgar Hoover Building, 935 Pennsylvania Avenue, N.W., Washington, D.C.  The local offices of the FBI are listed at 15

Constitution Drive, Bedford, New Hampshire, and 80 Daniel Street, Portsmouth, New Hampshire.

4. JAMES ALLANDYDY (hereinafter "Allandydy"), Defendant, sued in his individual capacity, was last known to Riley as an employee of the United States Marshal, at the times stated herein. Plaintiff does not have this defendant's home address, but the Marshal's Office is located at 55 Pleasant Street, Concord, New Hampshire.

5. MICHAEL ALLEN (hereinafter "Allen"), Defendant, sued in his individual capacity, was last known to Riley as an employee of the United States Marshal's Service, Special Operations Group, at the times stated herein. Plaintiff does not have this defendant's home address, but the Marshal's Office is located at 55 Pleasant Street, Concord, New Hampshire.

6. JOSEPH BUCHANAN (hereinafter "Buchanan"), Defendant, sued in his individual capacity, was last known to Riley as an employee of the United States Marshal's Service, Special Operations Group, at the times stated herein. Plaintiff does not have this defendant's home address, but the Marshal's Office is located at 55 Pleasant Street, Concord, New Hampshire.

7. PHILLIP CHRISTIANA (hereinafter "Christiana"), Defendant, sued in his individual capacity, was last known to Riley as an employee of the Federal Bureau of Investigation (hereinafter "FBI") working in New Hampshire at the times stated herein. Plaintiff does not have this defendant's home address, but the main office for the FBI is listed as the J. Edgar Hoover Building, 935 Pennsylvania Avenue, N.W., Washington, D.C. The local offices of the FBI are listed at 15 Constitution Drive, Bedford, New Hampshire, and 80 Daniel Street, Portsmouth, New Hampshire.

8. JEFFREY MERTES (hereinafter "Mertes"), Defendant, sued in his individual capacity, was last known to Riley as an employee of the United States Marshal's Service, Special Operations Group, at the times stated herein. Plaintiff does not have this defendant's home address, but the Marshal's Office is located at 55 Pleasant Street, Concord, New Hampshire.

9. STEPHEN MONIER (hereinafter "Monier"), Defendant, sued in his individual capacity, was last know to Riley as the United States Marshal for the District of New Hampshire, at the times stated herein.  Plaintiff does not have this defendant's home address, but the Marshal's Office is located at 55 Pleasant Street, Concord, New Hampshire.

10.  JOHN DOE  defendants #1 through #8, each sued in his individual capacity, were last know to Riley as United States government agents and/or employees conspiring or working in concert with the other defendants named herein to deprive him of his constitutionally protected rights on the dates and times stated herein.  Plaintiff does not have this defendant's names or addresses, but, upon information and belief, they were employed by or working with the United States Marshal and/or the FBI on or about June 7, 2007.

**FACTS**

11.  On the morning of June 7, 2007, in Plainfield, New Hampshire, while Riley was walking a dog on private property and enjoying a cup of coffee, unbeknownst to him a large number of heavily armed individuals, including most of the named defendants, were located throughout the woods near the end of the driveway where Riley was taking his walk.  On that morning, Allen, Buchanan, Mertes, Monier, John Does #1 through #8, and others unknown, in their individual capacities, equally liable jointly and severally, acted willfully, singly and in concert, beyond their authority and under color of law, breached their duties by using excessive force to effect an unlawful seizure and arrest of Riley, which deprived Riley of the clearly established right of freedom from the use of excessive force and/or unreasonable searches and seizures, which right is guaranteed by the Fourth Amendment to the United States Constitution.

**MANNER AND MEANS OF EXCESSIVE FORCE IN SEIZURE**

12.  Allen and Mertes, while hiding in the woods near the beginning of the private driveway and while wearing indiscernible camouflage clothing, surprised Riley, who thought they were turkey hunters .   Allen or Mertes popped up just a few feet in front of Riley and pointed an M16 style assault weapon directly at Riley's chest. Riley, a former Marine, knew the type of weapon

3

through his exposure to such weapons in the military.  Riley, not knowing who these assailants were, turned and started to flee.  At no time prior to this confrontation with Riley did any of the defendants have a warrant to arrest Riley, and they had not observed any action by Riley which could justify or provide legal grounds for an arrest or seizure in the absence of a warrant.  Upon information an belief, the defendants did not know who it was they had encountered and had no grounds for arrest.  In fact, walking a dog on private property while drinking coffee did not even provide reasonable articulable suspicion for a brief investigative stop.

13. Allen and Mertes, and perhaps others of the named defendants, acted unreasonably and illegally when, without provocation or warning and with reckless disregard for Riley's safety, they deliberately and maliciously used deadly force and/or potentially lethal force by discharging weapons at Riley.

14.  Riley stopped fleeing halfway down the driveway on private property, when he was met by Buchanan, John Doe #1, John Doe #2, and others whose identities are presently unknown, all of whom were dressed in camouflage clothing without obvious identifying marks.  At this point, without justification or reason to do so, without provocation or warning, and with reckless disregard for Riley's life and safety, Buchanan deliberately and maliciously discharged a high voltage TASER weapon into Riley's flesh, causing Riley to suffer puncture wounds and an uncontrolled fall followed by extreme pain and suffering.

15.  Allen, Buchanan, John Doe #1, John Doe #2, and Mertes proceeded to punch and kick Riley as he lay helpless on the ground.  One of the defendants brought his knee down on the back of Riley' s head, driving it into the gravel.  This opened up a head wound where dirt and pebbles were imbedded in the flesh, and cuts and scrapes were sustained to the back of Riley's right hand.
.
16 .  Allen, Buchanan, John Doe #1, John Doe #2, and Mertes proceeded to handcuff Riley.  They then dragged Riley into the woods, where a JOHN DOE placed a pistol to the back of Rileys' s head, with the threat of "be quiet or else," placing Riley in fear for his life.

4

17.  While this was happening, Monier was in command of the events and of the other defendants, with a team at a command post watching the excessive force and arrest of Riley via remote cameras linked to the command post. Monier, being in a leadership role and exercising command authority over all bad acts claimed herein, conspired and agreed with the other defendants in effectuating the illegal and warrantless seizure, assault, and battery of Riley, or directed the others to take such actions, or acquiesced with the use of excessive force and arrest of Riley, having the authority to intervene and stop it, but yet did nothing and condoned what his subordinates, employees, or agents were doing to and with Riley.

18.  Allen, Buchanan, John Does #1 through #8, Mertes, and Monier acted willfully or recklessly and contrary to generally established police practices and showed callous indifference to Riley's medical needs by offering no medical treatment, even though their own protocols require them to provide medical treatment.

19.  The acts and omissions of Allen, Buchanan, the John Does, Mertes, and Monier were done in open defiance of the law and with reckless disregard of known and clearly established rights secured by the Fourth Amendment to the Constitution of the United States, the right to be free from unreasonable searches and seizures, and the right to be free from the use of excessive force in making an arrest.

20.  Upon information and belief, Allen, Buchanan, John Does #1 through #8, Mertes, Monier and others unknown subsequently actions. willfully, deliberately, maliciously, with callousness and reckless disregard for Riley's constitutional rights, proceeded to cover up their use of excessive force by various means, including, but not limited to, filing inaccurate or incomplete reports, degrading or changing the resolution of the video that captured the events, and by destroying or spoliating evidence, such as spent shell casings and records relating to weapons carried and used by defendants on June 7, 2007.

21.  On the morning of June 7, 2007 in Plainfield, New Hampshire, after the use of excessive force to capture and deprive Riley of his liberty, Alford, Allandydy, Allen, Buchanan, Christiana, John Does #1 through #8, Mertes, Monier, and others as yet unidentified, acted willfully beyond

their authority, without legal justification and under color of law, and breached their duty by falsely arresting and imprisoning Riley, without a warrant or probable cause.   They deprived Riley of the clearly established right of freedom from false arrest and imprisonment as secured by the Fourth Amendment to the United States Constitution.

**MANNER AND MEANS OF UNLAWFUL SEIZURE, FALSE ARREST AND IMPRISONMENT**

22.  The manner and means by which Alford, Allandydy, Allen, Buchanan, Christiana, John Does #1 through #8, Mertes, Monier, and others as yet unidentified acted to deprive RILEY of his liberty and his right to be free from false arrest/imprisonment included, among other bad acts, handcuffing him, taking him away by force of arms, driving him away to another location, handcuffing him with a belly chain, locking him in a room with steel bars, forcing him to disrobe fully, taking his personal property, subjecting him to forced interrogation, threatening him, preventing him from leaving, and holding him without probable cause or a warrant for over eight hours.

23.  Allen, Buchanan, John Doe #1, John Doe #2,  and Mertes caused Riley to be handcuffed and then put into a black Sport Utility Vehicle (SUV) under force of arms and drove him to a location about 3 miles away.

24.  Allandydy, John Doe #4, John Doe #5 and John Doe #6 were in the SUV,  and they further restrained Riley by adding a belly chain and then reapplying the handcuffs .   The John Does were armed.

25 . Riley was driven back to the location where he had originally been seized, purportedly to have Riley convince the owners of the property to surrender to the defendants and during the drive, Riley was subjected to additional duress by Allandydy and others, causing Riley to suffer intense emotional distress.

26.   However, after the return to the area of the initial seizure of Riley, Allandydy informed

6

Riley that there had been a change of plans, and they were taken him to the Lebanon Police Department to book him. Riley was then driven to the Lebanon Police Department, under force of arms, about 9 miles away.

27. Upon arrival at the Lebanon Police Department, Riley was forced into concrete cell with steel bars by Allandydy and John Doe #7, where the belly chain and handcuffs were removed via an opening in the steel bars. Riley was forced to hand over personal property, stripped naked to be searched, and forced to bend over, exposing his rectum to Allandydy and John Doe #7.

28. Riley was left in the jail cell for approximately 2 hours, then Allandydy and John Doe #7 forced Riley through the hallways to a conference room where Alford, Allandydy, John Doe #8 and Christiana held and interrogated Riley against his will for about 5 hours, lacing the interrogation with threats and refusing to release Riley.

29. Allen, Buchanan , John Doe # 1, John Doe # 2, and Mertes were in the hallway outside the conference room, armed with deadly weapons, deterring Riley from leaving.

30. Upon information and belief, Monier, being in command, witnessing the false arrest in real time on the video feed from the scene, and knowing that Riley had done nothing illegal at the scene to justify the warrantless and illegal seizure, did nothing to stop the reckless disregard for Riley's rights, but instead acquiesced, agreed, and or directed what Monier's subordinates were doing to Riley. Upon information and belief, Monier received updates and or briefings with regards to Riley's false imprisonment, and, having the authority to stop it at any time, did nothing for hours, except condone, direct, and/or support the constitutional deprivations.

31. After approximately 9 hours of Riley being falsely imprisoned, Alford and Christiana took him out of the police station and forced him into a white sedan. Christiana had an M16 style assault weapon with double magazines.  They drove Riley to a location about one and a half miles from the location where he had been unlawfully seized and released him. Riley was not charged or bailed, simply released. He was never subjected to prosecution for his trip down the private driveway on that June day in 2007.

**FIRST CAUSE OF ACTION - CIVIL CONSPIRACY**

32. Plaintiff restates as if fully set forth here each and every claim, assertion, and allegation set forth in the foregoing Paragraphs 1 through 31 of this Complaint.

33. The Defendants acted in concert, and/or by agreement, to accomplish unlawful purposes, or to accomplish lawful purposes by unlawful means, as outlined in the previous paragraphs (i.e., depriving Plaintiff of his constitutionally guaranteed rights by assault, battery, false arrest, false imprisonment, use of excessive force, threats, and other wrongs), and caused damage to Riley, including physical pain and suffering, emotional trauma, bodily injury, humiliation, and the deprivation of his constitutionally guaranteed rights.

**SECOND CAUSE OF ACTION - EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AMENDMENT**

34. Plaintiff restates as if fully set forth here each and every claim, assertion, and allegation set forth in the foregoing Paragraphs 1 through 33 of this Complaint..

35. As detailed above, Allen, Buchanan, Mertes, Monier, and John Does #1, #2, and #3 subjected Riley to excessive force in effecting a seizure/arrest on June 7, 2007, including, but not limited to, potentially lethal force, and deprivation of medical attention for the injuries caused, in violation of his rights under the Fourth Amendment to the United States Constitution.

36. As a direct consequence of defendants' actions, Riley was caused to suffer great damage, including physical pain and suffering, emotional trauma, bodily injury, humiliation, and the deprivation of his constitutionally guaranteed rights.

**THIRD CAUSE OF ACTION - FALSE ARREST/IMPRISONMENT IN VIOLATION OF THE FOURTH AMENDMENT**

37. Plaintiff restates as if fully set forth here each and every claim, assertion, and allegation set forth in the foregoing Paragraphs 1 through 36 of this Complaint.

38.  As detailed above, Alford, Allandydy, Allen, Buchanan, Christiana, John Does #1 through #8, Mertes, and Monier subjected Riley to unlawful seizure/arrest, without a warrant, followed by extended false imprisonment, on June 7, 2007, in violation of his rights under the Fourth Amendment to the United States Constitution.

39.  As a direct consequence of defendants' actions, Riley was caused to suffer great damage, including physical pain and suffering, emotional trauma, bodily injury, humiliation, and the deprivation of his constitutionally guaranteed rights.

 **PENDENT STATE CLAIMS**

**FOURTH CAUSE OF ACTION - ASSAULT AND BATTERY**

40.  Plaintiff restates as if fully set forth here each and every claim, assertion, and allegation set forth in the foregoing Paragraphs 1 through 39 of this Complaint.

41.  As detailed above, Allen, Buchanan, Mertes, Monier, and John Does #1, #2, and #3 subjected Riley to excessive force in effecting a seizure/arrest on June 7, 2007, including, but not limited to, potentially lethal force, and deprivation of medical attention for the injuries caused, in violation of his rights under the Fourth Amendment to the United States Constitution.

42.  These defendants, through their actions placed Riley in fear of immediate, offensive and unprivileged physical contact.  They then actually subjected Riley to offensive and unprivileged contact, including the application of potentially lethal force.

43.  As a direct consequence of defendants' actions, Riley was caused to suffer great damage, including physical pain and suffering, emotional trauma, and bodily injury.

**FIFTH CAUSE OF ACTION - FALSE ARREST/IMPRISONMENT**

44.  Plaintiff restates as if fully set forth here each and every claim, assertion, and allegation set forth in the foregoing Paragraphs 1 through 43 of this Complaint.

45.  As detailed above, Alford, Allandydy, Allen, Buchanan, Christiana, John Does #1 through #8, Mertes, and Monier subjected Riley to unlawful seizure/arrest, without a warrant, followed by extended false imprisonment, on June 7, 2007.

46.  Defendants intentionally seized and confined Riley, in the absence of probable cause and without a warrant, within boundaries fixed by them.  Their actions resulted in Riley's confinement and Riley was conscious of the confinement and harmed by it.

47.  As a direct consequence of defendants' actions, Riley was caused to suffer great damage, including physical pain and suffering, emotional trauma, and bodily injury, and the deprivation of his liberty.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff requests that the Court enter a judgment including, but not limited to:

A. Compensatory damages for violation of the United States Constitution and the laws of the State of New Hampshire, in an amount that is fair, just and reasonable;

B. Exemplary and punitive damages;

C. Attorney's fees, costs and all expenses associated with bringing and prosecuting this action, to be awarded jointly and severally against all Defendants; and,

D. All other appropriate relief as may be just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury for all issues so triable.

Dated: June 6, 2010

Respectfully submitted,
Daniel John Riley,
By his attorney,


<u>/s/ Sven D. Wiberg</u>
Sven D. Wiberg
Wiberg Law Office, PLLC
2456 Lafayette Road, Suite 7
Portsmouth, NH 03801
NH Bar No. 8238
(603) 686-5454