UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

DANIEL JOHN RILEY,

       Plaintiff,

v.                                               Civil No. 10-218-GZS

MARK ALFORD, JAMES ALLANDYDY,
MICHAEL ALLEN, JOSEPH BUCHANAN,
PHILLIP CHRISTIANA, JEFFREY MERTES,
STEPHEN MONIER, JOHN DOE's Nos. 1-8,

       Defendants.

PLAINTIFF'S OBJECTION TO
DEFENDANTS' MOTION TO DISMISS

       NOW COMES Plaintiff, by and through counsel, Sven D. Wiberg, and objects to Defendants' Motion to Dismiss, since, *inter alia*, contrary to Defendants' assertions in the objection the well-pleaded allegations do not demonstrate that Defendants had probable cause to arrest Plaintiff or that they used reasonable force during the arrest, or that they detained Riley for a reasonable period of time.

       In support of this objection, the following is stated:

       1.  Defendants, through counsel, filed a Motion to Dismiss on September 23, 2010, claiming, among other things, that "The well-pleaded allegations demonstrate that the USMS defendants had probable cause to arrest Riley; that they used reasonable force during the arrest; and that they detained Riley for a reasonable period of time."  Plaintiff submits that misstates the state of the case at this point, since he has properly pled and asserted facts to the contrary and that the record in criminal case 07−cr−00189−GZS (including the sworn testimony contained in the transcripts, including trial testimony) establish that all aspects of the instant <u>Bivens</u> action are well founded, or, at the least, the

subject of contested material facts, and thus not subject to dismissal under the rules of this Court and the applicable case law.

2.   Moreover, Plaintiff submits that since the record in 07-cr-00189-GZS includes testimony establishing that there was no warrant or applicable exception to the warrant requirement to arrest or detain him on June 7, 2007.   The Government witnesses in the criminal case and the exhibits (particularly the video exhibits) establish that Plaintiff was walking a dog on private property when the defendants assaulted and seized his person. Simply put, Defendants did not even know who it was they had assaulted and seized on that day until after they had violated his constitutional rights. They did not even observe anything reaching the level of reasonable articulable suspicion of criminal activity by Plaintiff on that early June morning prior to firing upon him, subjecting him to electric shock, and otherwise injuring him.

3.   The fundamental mistake in Defendants' motion is the attempt to conflate and confuse the facts of the prosecution of Plaintiff in his later criminal case with the near total lack of factual justification for their violations of his rights on June 7, 2007.   Plaintiff asks this Court (Singal, J., who was the trial judge in the subsequent criminal trial) to take judicial notice of the testimony of those defendants who testified in 07-cr-00189-GZS in March and April of 2008, and to find that the testimony and exhibits presented in that case demonstrate that Defendants had no probable cause to arrest Plaintiff as they lingered near the driveway where he was walking a dog on June 7, 2007.   As this Court knows, from its involvement in that case, scores, perhaps even hundreds, of individuals came and went from the Brown property during 2007 and Defendants had no automatic basis to conclude that all of those people were violating the law.   On the day of the events which form the basis for the instant action, Defendants had no particularized, objective, or reasonable grounds to conclude that the as yet unidentified person they seized was engaged in anything other than the lawful activity of walking a dog on private property.

4.   Probable cause to arrest must exist at the moment the arrest is initiated. Bootstrapping subsequent actions by an arrestee is not allowed in the consideration of

probable cause.   See, *e.g* U.S. v. Wadley, 59 F.3d 513 (footnote 3)(5th Cir. 1995):

> The government contends that we should consider Wadley's act of throwing the bag of cocaine as a factor supporting the presence of probable cause. We disagree. Probable cause must exist at the moment the arrest is initiated. United States v. Raborn, 872 F.2d 589 (5th Cir.1989). The district court expressly found that Wadley threw the bag of cocaine the moment he was arrested. Therefore, Wadley's attempt to discard the bag cannot be considered in determining whether probable cause existed at the moment the officers initiated the arrest. *See id.*

This principle certainly applies in the instant case, with Defendants trying to apply much later developments to the consideration of justification for their actions on June 7, 2007. Much of that inapplicable justification is based on facts not known or even in existence at the time of Plaintiff's initial, illegal arrest, which was initiated, at the latest, when one of the Defendants stuck a loaded weapon in Plaintiff's chest on that morning.

5.   Even if we put aside the obvious lack of proper grounds for arrest under the 4th Amendment, New Hampshire law requires observation of criminal activity prior to arrest . R.S.A. 594:10 addresses the grounds for Arrest Without a Warrant:

> I. An arrest by a peace officer without a warrant on a charge of a misdemeanor or a violation is lawful whenever:
>
> (a) He has probable cause to believe that the person to be arrested has committed a misdemeanor or violation in his presence; or
>
> (b) He has probable cause to believe that the person to be arrested has within the past 12 hours committed abuse as defined in RSA 173-B:1, I against a person eligible for protection from domestic violence as defined in RSA 173-B:1, has within the past 12 hours violated a temporary or permanent protective order issued under RSA 173-B or RSA 458:16 by committing assault, criminal trespass, criminal mischief or another criminal act, or has within the last 12 hours violated stalking provisions under RSA 633:3-a.
>
> (c) He has probable cause to believe that the person to be arrested has committed a misdemeanor or violation, and, if not immediately arrested, such person will not be apprehended, will destroy or conceal evidence of the offense, or will cause further personal injury or damage to property.
>
> II. An arrest by a peace officer without a warrant on a charge of felony is lawful whenever:
>
> (a) A felony has actually been committed by the person arrested,

3

regardless of the reasons which led the officer to make the arrest.
        (b) The officer has reasonable ground to believe that the person
arrested has committed a felony.

None of those prerequisites were present in the observations by Defendants on tha morning.

6.   As is clear even from the Government's evidence at Plaintiff's criminal trial, the purported activity which formed the basis for Plaintiff's prosecution in that case occurred, for the most part, after June 7, 2007.   Plaintiff's mere presence on the Brown property could not form a legal basis for his arrest on that date.   <u>Ybarra v. Illinois</u>, 444 U.S. 85, 91 (1979);   <u>Burns v. Loranger</u>, 907 F.2d 233, 237 (1990).

7.   Plaintiff notes that Defendants' exhibits include material outside the complaint and therefore must be authentic, central to Plaintiff's claims, and referred to in his complaint or explicitly relied upon in the complaint to be relevant and material to the consideration of the motion to dismiss.   The affidavit and the 1st Circuit Opinion fail to meet these requirements and should be stricken.

8.   Even if it could be concluded that Plaintiff's detention was somehow constitutional (something which Plaintiff obviously does not concede), Plaintiff submits that his involvement with Defendants on that date was in no way voluntary, and the extended detention was never supported by a "prompt judicial determination of probable cause as a prerequisite to an extended restraint on liberty following an arrest without a warrant." <u>U.S. v. Davis</u>, 174 F.3d 941, 944 (8th Cir. 1998), citing <u>Wayland v. City of Springdale</u>, 933 F.2d 668, 670 (8th Cir.1991).   Plaintiff was never charged or arraigned for any actions observed by Defendants at the Brown property on that date.

9.   This Court should recall that the U.S. Marshall himself admitted, at the subsequent criminal trial, that Defendants had no probable cause to arrest Plaintiff on the morning of June 7, 2007.   This, by itself, should be sufficient grounds to deny the motion to dismiss this <u>Bivens</u> action.

4

10.    Plaintiff has adequately pled violations of his Fourth Amendment right based on his false arrest without warrant or probable cause.   The arrest was initiated in the absence of probable cause and any events which occurred subsequently are irrelevant and should not be considered.   The right to be free from false arrest was clearly established at the time and any reasonable officer situated similarly would have understood that an arrest should not be made in the absence of probable cause.

11.    Likewise, Plaintiff has adequately pled a violation of the Fourth Amendment for the use of excessive force against him.   There should be no contesting of the factual basis for this, however, even if there is still a disagreement about the facts, this would still be grounds to deny the Defendants' motion.   The Plaintiff was unarmed as he walked the dog and drank his coffee.   He posed no threat to Defendants.   Despite this, they assaulted and injured him.

12.    Probable cause does not exist based simply on apprehension as to what a targeted individual <u>might</u> do.   <u>Wagernmann v. Adams</u>, 829 F.2d 196, 206 (1st Cir. 1987). Probable cause exists when an arresting officer reasonably that an individual <u>has</u> committed or <u>is</u> committing a crime.   See, <u>Acosta v. Ames</u>, 386 F.3d 5, 9 (1st Cir. 2004); <u>Beck v. Ohio</u>, 379 U.S. 89, 91 (1964).   There is nothing in this calculation allowing for consideration of possible future activity.   Even if such consideration could be considered, it would have been pure and unreasonable speculation in the instant case.

13.    Liability may be imposed for use of excessive force even in the absence of serious bodily injury.   <u>Bastien v. Goddard</u>, 279 F.3d 10, 14 (1st Cir. 2002).   The Plaintiff "must demonstrate that the police defendant's actions were not objectively reasonable, viewed in light of the facts and circumstances confronting him and without regard to his underlying intent or motivation."   <u>Id</u>.   The use of potentially lethal force and electrocution certainly meet this standard.

5

14.    In any event, Defendants have not met their burden under any part of Rule 12 of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff asks this Court to deny Defendants' motion.

Respectfully submitted,
Daniel John Riley,
By his attorney

By:    /s/ Sven D. Wiberg
Sven D. Wiberg
N.H. Bar #8238
2456 Lafayette Rd., Suite 7
Portsmouth, N.H. 03801
(603) 686-5454

dated: October 17, 2010

## CERTIFICATE OF SERVICE

Counsel for the accused hereby certifies that a true copy of this pleading will be served on counsel for Defendants by electronic filing system when it is filed on this 17th day of October, 2010.

/s/ Sven D. Wiberg
Sven D. Wiberg

6