UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| DANIEL JOHN RILEY,<br><br>       Plaintiff,<br><br>v.<br><br>MARK ALFORD, JAMES ALLANDYDY, MICHAEL ALLEN, JOSEPH BUCHANAN, PHILLIP CHRISTIANA, JEFFREY MERTES, STEPHEN MONIER, JOHN DOE #1, JOHN DOE #2, JOHN DOE #3, JOHN DOE #4, JOHN DOE #5, JOHN DOE #6, JOHN DOE #7, AND JOHN DOE #8,<br><br>       Defendants. | 1:10-cv-218-GZS |

DEFENDANTS' REPLY MEMORANDUM
IN SUPPORT OF THEIR MOTION TO DISMISS

Plaintiff Daniel John Riley has brought an action against several members of the United States Marshals Service and the Federal Bureau of Investigation. Docket Number (DN) 1. He claims that the defendants violated his Fourth Amendment rights and committed several state law torts by arresting him, using force, and detaining him during a covert operation to execute federal warrants against Edward and Elaine Brown on June 7, 2007. Id. The defendants moved to dismiss the complaint, inter alia, on qualified immunity grounds because it was reasonable under the circumstances to arrest Riley based on probable cause, to use force to quickly detain him, and to detain him long enough to determine whether he would cooperate with federal law enforcement to help arrest the Browns. DN 17.

Riley has opposed dismissal, arguing essentially that the well-pleaded allegations state a claim for a violation of his Fourth Amendments rights. DN 23. Riley's argument is flawed in several respects.

First, Riley has not even attempted to rebut the defendants' argument that the complaint should be dismissed based on the qualified immunity doctrine. "The purpose of qualified immunity is to protect reasonable, if mistaken, decision making by government officials." Lopez-Quinones v. P.R. Nat'l Guard, 526 F.3d 23, 27 (1st Cir. 2008). Thus, to overcome a qualified immunity defense at the motion to dismiss stage, the plaintiff must show that the well-pleaded allegations (1) establish a constitutional violation and (2) that the violation was clearly established at the time the conduct was alleged, which means that, based on the particular facts of the case, a reasonable officer would have understood that his conduct violated the plaintiff's clearly established rights. See Sanchez v. Pereira-Castillo, 590 F.3d 31, 53 (1st Cir. 2009).

Riley has limited his objection to the first prong of the qualified analysis by arguing only that the well-pleaded allegations, if true, would establish a constitutional violation. See DN 23. Even if Riley was correct on this point (which he is not), this would not save his complaint from dismissal. For the reasons stated in the defendants' motion to dismiss, Riley has not shown and cannot show that, given the unique circumstances faced by the defendants when they arrested and detained him, they violated clearly established Fourth Amendment law. In short, because Riley has not shown that courts have ruled that "materially similar conduct" to this case is unconstitutional or that general Fourth Amendment rules were obviously violated by the defendants' conduct, he has not shown a clearly established violation of his constitutional rights.

Thus, the Court should dismiss the complaint on qualified immunity grounds. See Cortes-Reyes v. Salas-Quintana, 608 F.3d 41, 52 (1st Cir. 2010).

Second, Riley contends that the defendants base their argument that there was probable cause to arrest Riley on facts that occurred after his June 7 arrest, which he argues are irrelevant to the probable cause analysis. DN 23. He is wrong. The defendants' probable cause argument focuses exclusively on the information that was available to the officers at the time of Riley's arrest. DN 17-1 at 7-10. After encountering Riley on the Brown property, the officers saw him turn and run down the driveway toward the Brown house. Id. at 9. Based on Riley's conduct, it was reasonable for the officers to believe that Riley was going to warn the Browns that law enforcement officials were present to execute the warrants against them. Such conduct gave the officers ample reason to believe that Riley was assisting the Browns avoid arrest, which is a federal crime. See 18 U.S.C. § 3. Thus, the officers had probable cause to arrest him. Riley's contrary assertion that the defendants did "not even observe anything reaching the level of reasonable articulable suspicion of criminal activity by" him, DN 23 at 2, is simply incorrect.

Third, Riley suggests that this Court should decline to consider certain basic background facts contained in the First Circuit's opinion in Riley's criminal case and Riley's publicly-filed affidavit about the events in the complaint in ruling on the defendants' motion to dismiss. DN 23 at 4. First Circuit law is not nearly so restrictive. "In passing upon a motion to dismiss for failure to state a claim, the reviewing court's focus on the well-pleaded facts is more expansive than might first be thought." Andrew Robinson Int'l, Inc. v. Hartford Fire Ins. Co., 547 F.3d 48, 51 (1st Cir. 2008). A court may appropriately consider documents the authenticity of which are not disputed by the parties, official records, or documents that are integral to assessing the

3

sufficiency of the complaint.  See Parker v. Hurley, 514 F.3d 87, 91 n.1 (1st Cir. 2008); Clorox Co. of P.R. v. Proctor & Gamble Commercial Co., 228 F.3d 24, 32 (1st Cir. 2000).

This circuit has recently applied these standards to consider facts contained in a state court judgment in a Fed. R. Civ. P. 12(b)(6) appeal, where the facts in the judgment were necessary to provide an adequate context to judge the sufficiency of the complaint.  See Gargano v. Liberty Int'l Underwriters, Inc., 572 F.3d 45, 48 (1st Cir. 2009).  The First Circuit's opinion in Riley's criminal case serves a similar purpose here.  Riley's complaint was drafted with an eye toward obtuseness.  It does not even mention that the events at issue took place at the Brown residence or the "well-publicized" standoff between the Browns and federal law enforcement that was underway.  The defendants cited the First Circuit's opinion (an official document) to fill in these basic details, the accuracy of which the defendant does not and cannot dispute.

Similarly, the defendants' reliance on Riley's affidavit was appropriate.  Riley has not claimed that the affidavit is inauthentic.  Moreover, he filed the affidavit as a public document in a government office.  See DN 17-4.  And finally, the affidavit is obviously integral to the complaint as it contains Riley's sworn version of the events that are identified in his complaint.  Id.  Riley's affidavit, an authentic, public document which is central to the allegations in the complaint, is an archetype of the sort of material that the First Circuit finds appropriate to consider in ruling on a motion to dismiss.

Fourth, Riley contends that, even if his initial arrest was lawful, the defendants violated his rights by detaining him for too long.  DN 23 at 4.  Riley's complaint alleges that he was held for, at most, eight hours following his arrest.  DN 1 at ¶22.  As described in the defendants' motion to dismiss, law enforcement may, consistent with the Fourth Amendment, hold a person

for 48 hours after a valid arrest prior to presenting the person to a judicial officer, so long as there were no unreasonable delays motivated by the desire to gather evidence, ill will or inattention.  DN 17-1 at 14.  The defendants' motion explains in detail that, during Riley's eight-hour detention, law enforcement officials were continually working with him to determine whether he would cooperate in the effort to arrest the Browns.  Id. at 14-16.  Riley has provided no response to this legitimate explanation for the length of the detention, which does not remotely approach the 48-hour limit.

Fifth, Riley argues that the Court should deny the motion to dismiss based on his assertion (not supported by any evidence) that a government official, who was not present at the arrest, allegedly stated that he did not believe that there was probable cause to arrest Riley on June 7.  DN 23 at 4.  Even if Riley's assertion is true, it is beside the point.  The qualified immunity inquiry is objective.  See Wilson v. City of Boston, 421 F.3d 45, 55 (1st Cir. 2005).  Thus, the subjective opinion of one government official about the incident is not pertinent to the analysis.  Moreover, the question in this case is not whether there was, in fact, probable cause, but rather whether the defendants were reasonable in believing that there was probable cause.  Id.  Riley has not identified a statement by anyone that the defendants were not at least reasonable in believing that there was probable cause, which, as discussed above, is the operative inquiry.

Sixth, Riley has entirely ignored certain of the defendants' arguments for dismissal.  He has not even addressed the argument by the two FBI defendants – Special Agents Alford and Christiana – that they were not involved in the encounter on the Brown property or the decision to arrest, use force, or detain Riley and, therefore, are entitled to qualified immunity on this

independent basis.  DN 17-1 at 16-18, including Shaw v. Holloway, No. 07-10352-DPW, 2008 U.S. Dist. LEXIS 61688, at *13-14 (D. Mass. July 28, 2008) (finding that officer was entitled to qualified immunity for participation in post-detention interrogation where officer was not involved in initial detention and had no basis for questioning the initial decision to detain the plaintiff; granting officer's motion to dismiss on this basis).  Thus, Riley has apparently abandoned his claim against the FBI defendants.

Finally, Riley has not challenged the defendants' argument that state law claims are barred under the Federal Tort Claims Act.  Therefore, these claims should be dismissed for want of subject matter jurisdiction.

For the reasons stated here and in the defendants' motion to dismiss and accompanying memorandum, the defendants request that the Court dismiss Daniel John Riley's complaint with prejudice.

Respectfully submitted,

JOHN P. KACAVAS
United States Attorney


By:  /s/ T. David Plourde
T. David Plourde, NH Bar No. 2044
Assistant U.S. Attorney
53 Pleasant Street, 4th Floor
Concord, NH 03301-3904
603-225-1552
October 29, 2010    david.plourde@usdoj.gov


By:  /s/ Seth R. Aframe
Seth R. Aframe, MA Bar No. 643288
Assistant U.S. Attorney
53 Pleasant Street, 4th Floor
Concord, NH 03301-3904
603-225-1552
October 29, 2010    seth.aframe@usdoj.gov

CERTIFICATE OF SERVICE

I certify that on this 29th day of September, 2010, a copy of the above Defendants' Reply Memorandum in Support of Their Motion to Dismiss was served via the ECF system on Sven Wiberg, Esq., counsel for the plaintiff.


/s/ Seth R. Aframe
Seth R. Aframe, AUSA