**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | | |
|---|---|---|
| **DANIEL JOHN RILEY,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **Civil No. 10-218-GZS** |
| | ) | |
| **JAMES ALLANDYDY, et al.,** | ) | |
| | ) | |
| **Defendants** | ) | |

**REPORT OF HEARING AND ORDER**
**RE: MOTIONS**

Held in Portland, Maine, by telephone on November 2, 2011, at 3:00 p.m.

Presiding:          John H. Rich III, United States Magistrate Judge

Appearances:     For the Plaintiff:  Sven Wiberg, Esq.

                        For the Defendants:  Seth Aframe, Esq.

The telephone conference was held at my request to discuss the plaintiff's assented-to motions, *see* Docket Nos. 36, 39, to extend all remaining scheduling order deadlines, the parties' trial-ready date, and the plaintiff's deadline to respond to the defendants' pending motion for summary judgment, by 60 days to allow the parties to meet and confer regarding the resolution of potential discovery disputes.

The disputes in question arose after the defendants provided to the plaintiff, on October 7, 2011, their initial responses to the plaintiff's interrogatories and requests for production of

documents.  At the outset of the teleconference, counsel reported that the disputes concern not only garden-variety issues but also an overarching legal issue about whether the defendants in this *Bivens* action are obligated to produce documents that are in the possession, custody, or control of the United States.

I informed counsel that, with a view to moving the case along expeditiously, I was inclined not to grant a blanket 60-day extension of time but, rather, to set a deadline by which the parties must confer in good faith to resolve their discovery disputes, failing which I will resolve any remaining disputes as promptly as possible.  I noted that, once those disputes are resolved, I would be in a position to rule on reasonable extensions of remaining deadlines, ideally in such a manner as to preserve the parties' existing expected trial date of April 2012.

After further discussion, and without objection, I ***ORDERED*** that:

1.      The parties confer no later than the close of business on Wednesday, November 16, 2011, in a good-faith attempt to resolve their discovery disputes.

2.      To the extent that the parties are unable to resolve the legal issue of whether the defendants must produce documents that are in the possession, custody, or control of the United States, (i) the plaintiff file, no later than Thursday, November 17, 2011, a motion to compel said production, limited to 10 pages, with (ii) the defendants filing any response no later than Wednesday, November 23, 2011, also limited to 10 pages, and (iii) no reply permitted.

3.      To the extent that the parties are unable to resolve other discovery issues, they shall send by email to the Portland New Cases Inbox, no later than Thursday, November 17, 2011, a non-argumentative letter or letters briefly outlining those remaining discovery disputes, together with

copies of the relevant discovery requests and responses, whereupon I will schedule a discovery teleconference to resolve said issues.

I ***RESERVED*** ***RULING*** on Docket No. 36, the plaintiff's assented-to motion to extend deadlines, pending the resolution of the aforesaid discovery disputes, and ***DENIED***, without prejudice to its renewal, Docket No. 39, the plaintiff's assented-to motion to continue trial.  The parties are ***PROTECTED*** as to all of the deadlines that are the subject of Docket No. 36, including deadlines that have now expired, pending the resetting of said deadlines following the resolution of the parties' discovery disputes.

***SO*** ***ORDERED***.

### CERTIFICATE AND NOTICE

A.    This report fairly reflects the actions taken at the hearing and shall be filed forthwith.

B.    In accordance with Fed. R. Civ. P. 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.  Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.

Dated this 3[d] day of November, 2011.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge