UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **DANIEL JOHN RILEY,** | ) |
| **Plaintiff** | ) |
| v. | ) Civil No. 10-218-GZS |
| **JAMES ALLANDYDY, et al.,** | ) |
| **Defendants** | ) |

REPORT OF HEARING AND ORDER
RE:  MOTIONS

Held in Portland, Maine, by telephone on December 12, 2011, at 3:00 p.m.

Presiding:      John H. Rich III, United States Magistrate Judge

Appearances:   For the Plaintiff:  Sven Wiberg, Esq.

For the Defendants:  Seth Aframe, Esq.
David Plourde, Esq.

The telephone conference was held, as contemplated in my report and order of a teleconference with counsel held on November 2, 2011, *see* Docket No. 40, to rule on the plaintiff's assented-to motion to extend all remaining scheduling order deadlines, *see* Docket No. 36.

The parties confirmed, as reported in Attorney Wiberg's letter to me dated November 17, 2011, that they had been able to resolve their previously reported discovery disputes without need of court intervention, for which I commended the parties and counsel.  However, Attorney Wiberg stated that an issue had arisen regarding the manner in which the plaintiff had served a subpoena on

1

the United States Marshals Service, as a result of which he still has not obtained discovery pursuant to that subpoena. The parties are in the process of working out the service issue, and Attorney Aframe reported that he anticipated being able to provide the discovery prior to the existing discovery deadline of January 24, 2012.

Attorney Aframe complained that action on the defendants' pending summary judgment motion continues to be delayed without the plaintiff having made a showing pursuant to Federal Rule of Civil Procedure 56(d) that delay is justified to obtain additional discovery. Attorney Wiberg took the position that his client does require the discovery sought pursuant to the subpoena to respond to the summary judgment motion. He stated that he cannot be certain whether, once the plaintiff receives that discovery, he will determine that he needs to seek yet additional discovery. I observed that the plaintiff has thus far handled the issue of his perceived need for discovery to respond to the early-filed summary judgment motion by way of assented-to motions to extend time rather than by way of a Rule 56(d) motion.

Following further discussion, and without objection, I **<u>DENIED</u>** without prejudice the plaintiff's assented-to motion to extend all remaining scheduling-order deadlines, Docket No. 36, and **<u>DIRECTED</u>** that:

1. The parties contact the court immediately should ongoing discovery generate any additional disputes that cannot be resolved by good-faith discussion.

2. Should the plaintiff decide, as a result of his review of the additional discovery anticipated to be provided by the United States Marshals Service, that further discovery is necessary, he shall be obligated to make a showing pursuant to Rule 56(d) to justify, on that basis, any further delay in his response to the defendants' pending summary judgment motion.

The plaintiff continues to be ***PROTECTED*** as to his deadline to respond to the pending summary judgment motion pending a further status teleconference, which the Clerk's Office is hereby ***DIRECTED*** to schedule for the first or second weeks of January 2012. At that time, the parties shall be prepared to discuss whether discovery is complete and whether, given the protracted nature of their negotiations to resolve discovery disputes, the defendants should terminate the pending summary judgment motion and refile it on or before the existing discovery deadline of January 24, 2012. In that event, consistent with my above order, the plaintiff shall be required to make a Rule 56(d) showing to justify extension of his response deadline on the basis of a need for any additional discovery.

***SO ORDERED***.

### CERTIFICATE AND NOTICE

A.  This report fairly reflects the actions taken at the hearing and shall be filed forthwith.

B.  In accordance with Fed. R. Civ. P. 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof. Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.

Dated this 12th day of December, 2011.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge