**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | | |
|---|---|---|
| **DANIEL JOHN RILEY,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **No. 1:10-cv-218-GZS** |
| | ) | |
| **JAMES ALLANDYDY, et al.,** | ) | |
| | ) | |
| **Defendants** | ) | |

**REPORT OF HEARING AND ORDER**
**RE:  STATUS**

Held in Portland, Maine, by telephone on January 11, 2012, at 10:30 a.m.

Presiding:          John H. Rich III, United States Magistrate Judge

Appearances:      For the Plaintiff:  Sven Wiberg, Esq.

                  For the Defendants:  Seth Aframe, Esq.
                                      David Plourde, Esq.

The telephone conference was held, as contemplated in my report and order dated December 12, 2011, *see* Docket No. 42, to discuss the status of discovery that the plaintiff has stated is necessary to respond to the defendants' pending summary judgment motion.

Attorney Plourde reported that (i) the plaintiff had effectuated service of a subpoena on the United States Marshals Service ("USMS") shortly after Christmas, and (ii) he had asked the USMS to begin searching for documents responsive to the subpoena soon after the plaintiff's counsel emailed him a copy of that subpoena on December 9, 2011.  He stated that the USMS will be in a

1

position to officially respond to the subpoena and to produce documents on or before Wednesday, January 18, 2012. The parties' discovery deadline is January 24, 2012.

In the interest of facilitating an early resolution of any possible discovery disputes arising from the USMS' response to the subpoena, I permitted Attorney Plourde to read aloud each of the seven categories of documents subpoenaed and to briefly describe the USMS' anticipated response to each. As to each category, I facilitated a discussion among counsel. Although Attorney Wiberg questioned several of the anticipated responses, sufficient progress was made that no issue arose requiring a court ruling.

Attorney Wiberg confirmed that the plaintiff has no outstanding discovery requests besides the subpoena served on the USMS. Attorney Plourde confirmed that the defendants have no outstanding discovery requests. Both parties noted, however, that no discovery has yet been undertaken regarding experts.

I indicated to counsel that, in view of repeated discovery-related enlargements to the plaintiff's deadline to respond to the defendants' summary judgment motion, filed on July 7, 2011, *see* Docket No. 30, I suggested that the motion be dismissed without prejudice and then re-filed, at which time normal response and reply deadlines would run. Counsel indicated that they had no objection to proceeding in that fashion.

Following further discussion, and without objection, I ***ORDERED*** that:

1.      The USMS officially respond to the plaintiff's subpoena, and produce documents responsive thereto, no later than January 18, 2012.

2.      The parties meet and confer no later than January 20, 2012, in a good-faith effort to resolve any discovery disputes arising therefrom, if any should arise.

3.      The parties inform the court, no later than January 23, 2012, by email to the Portland, Maine, New Cases Inbox, whether there is need of a discovery dispute teleconference.  If there is such a need, the party or parties requesting court intervention shall briefly describe the nature of the issue(s) with respect to which the parties disagree and supply to the court a copy of the subpoena and the USMS' response thereto.

I advised the parties that I am strongly disinclined, in the face of the repeated discovery-related enlargements in the plaintiff's deadline to respond to the defendants' summary judgment motion, to extend the discovery deadline past January 24, 2012, with the caveat that I understand that no discovery has as yet been taken with respect to expert witnesses and that such discovery would be required were the defendants' summary judgment motion to be denied in whole or in part.

Upon the earlier of (i) a report by the parties that no further discovery disputes exist that require court intervention or (ii) the court's resolution of any such disputes, I will dismiss without prejudice and without objection the defendants' motion for summary judgment and set a deadline for its re-filing.  In the meantime, the plaintiff remains ***PROTECTED*** with respect to any deadline to respond to the pending summary judgment motion.

***SO ORDERED***.

## CERTIFICATE AND NOTICE

A.      This report fairly reflects the actions taken at the hearing and shall be filed forthwith.

B.      In accordance with Fed. R. Civ. P. 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.  Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.

Dated this 11th day of January, 2012.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge